# Exhibit I

## Kyle Eingorn

| | |
|---|---|
| **From:** | Geoff Neumann <geoff.neumann@gmail.com> |
| **Sent:** | Tuesday, April 5, 2022 3:56 PM |
| **To:** | Kyle Eingorn |
| **Cc:** | Lynne Vanartsdalen |
| **Subject:** | Re: Beltway v. Sariotis |
| **Attachments:** | buyer addendum 4.5.22.pdf |

Kyle:
See attached. I am sending them wire info now.

Geoff Neumann, Esq.
**BROEGE, NEUMANN, FISCHER & SHAVER, LLC**
Attorneys at Law
25 Abe Voorhees Drive
Manasquan, NJ 08736
Tel: (732) 223-8484 ext. 212
Fax: (732) 223-2416
Email: geoff.neumann@gmail.com

NOTICE: This e-mail is from the law firm of Broege, Neumann, Fischer & Shaver, LLC, and is intended solely for the use of those to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy it or disclose it to anyone else. If you are not an existing client of Broege, Neumann, Fischer & Shaver, LLC, nothing in this email should be construed to create an attorney-client relationship unless it contains a specific statement to that effect and do not disclose anything in reply that you expect Broege, Neumann, Fischer & Shaver, LLC to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Broege, Neumann, Fischer & Shaver, LLC, you should maintain its contents in confidence in order to preserve any attorney-client, work product, or other privilege that may be available. Nothing in this email should be construed to give tax advice and you should consult your tax professionals for advice in all tax matters.

On Tue, Apr 5, 2022 at 3:04 PM Kyle Eingorn <keingorn@dbblegal.com> wrote:

Thanks I will relay this to my client.


Kyle Eingorn, Esq.

DEMBO, BROWN & BURNS LLP

1300 Route 73, Suite 205

Mt. Laurel, New Jersey 08054

Telephone: (856) 354-8866

Facsimile: (856) 354-0971

keingorn@dbblegal.com

1

# DASARO LAW FIRM, PC

April 5, 2022

Geoffrey Neumann, Esq.
25 Abe Voorhees Dr.
Manasquan, NJ 08736
VIA EMAIL: geoff.neumann@gmail.com

Re:  **SMITH from SARIOTIS**
     61 Redwood Dr., Ocean (Asbury Park), NJ 07712
     Block 150.06, Lot 14

Mr. Neumann:

Please be advised I represent the Buyers, Tony & Elinor Smith, with regard to the above captioned real estate matter. I have reviewed the contract for sale together with my client and disapprove of same in current form. I would be willing to reinstate the contract, subject to the following amendments thereto:

1. Seller to remain under a Use of Occupancy from the close of title to no later than September 30, 2022. Seller shall be responsible for all standard maintenance and upkeep of the property, and shall leave the home in broom swept condition. Buyer will have a walk-through prior to closing, and another upon the Sellers vacating. Seller shall be responsible for the cost of all utilities; gas, electric, water, sewer, trash removal (if applicable), as well as the monthly HOA dues. Seller shall be required to have contents insurance, naming the Buyers as Additional Insured. In the event the Sellers do not vacate by September 30, 2022, a penalty rate of $250 per diem shall apply. A $7,500 escrow from the Seller's proceeds shall be held during the Use of Occupancy term. The Parties shall execute a standard Use of Occupancy Agreement prior to closing, outlining these terms.

2. As to Paragraph 3(D); This contract is contingent upon the Buyer obtaining a mortgage in the amount of $590,000. If the Buyer does not obtain said written mortgage commitment within 30 days after the conclusion of attorney review, the mortgage contingency shall extend unless, and until a notice is derived making the mortgage due date "of the essence". Thereafter, absent performance, either party may void the contract. Should said Buyer's mortgage commitment be withdrawn due to circumstances beyond Buyer's control, the Buyer shall have the right to terminate the contract.

# DASARO LAW FIRM, PC

3. As to Paragraph 8; Delete line 126. All references in the Contract to time being "of the essence" are hereby deleted in their entirety.

4. Buyer may, at Buyer's own expense, have a home inspection of the subject premises within fourteen (14) days from the conclusion of the attorney review. If Buyer's inspection reveals any material defects, the Buyer may cancel the contract and receive a refund of the deposits. In the alternative, the Buyer may request that the Sellers make repair or issue a credit for the repair. Seller shall have three (3) days after such notice to agree to make the repairs or issue a credit. Buyer shall not be required to accept Sellers repairs.

5. There shall be no automatic waiver of either party's rights under the Contract. If either party deems the other in default, breach or not performing within the time frame set forth in the Contract then the aggrieved party must send notice to the other party and allow them three (3) business days to cure.

6. This property is subject to a Homeowners Association, namely Cedar Bridge at Ocean, managed by Association Advisors. Seller represents that the current monthly dues are $279. Seller has not been made aware of any impending increases to the monthly dues for the remainder of 2022, nor are they aware of any added or pending assessments through 2023. Seller to provide any Association documentation that they may have in their possession, including but not limited to the Master Deed, Bylaws, current financials, Rules & Regulations, etc. Buyer shall be responsible to order the Statement of Accounting prior to closing.

7. All additions and/or improvements completed by Seller complied with all governmental regulations and proper building permits were issued. Seller will obtain any and all permits/approvals at their sole cost, prior to closing, if said additions/improvements were completed without obtaining proper permits.

8. Omit Paragraph 31 in its entirety. The broker's commission shall only be due and payable upon conveyance of title. Any reference to the broker's commission being a lien against the Property is hereby deleted.

9. The Sellers represent that, to the best of their knowledge, they are not aware of any local, state or federal regulation that will limit the Buyers' ability to use this Property as anticipated under this contract. Examples of such limitations include but are not limited to knowledge of Department of Environmental Protection Regulations, Department of Transportation Regulations, etc.

# DASARO LAW FIRM, PC

10. Seller represents that they have sufficient equity in the subject premises to pay off any mortgages, judgments, open Association dues, or other liens against the property out of the proceeds of the within sale and that the within sale does not involve a compromise or "cram down" of any indebtedness secured by a lien on the subject property. Sellers know of no defect of title which would prevent the conveyance of marketable title.

11. Buyer and Seller shall be entitled to all remedies under the laws of the State of New Jersey in the event of breach of this contract. There shall be no liquidated damages.

12. In the event the property is damaged by more than 5% of the purchase price, then either party may terminate the Contract with a full return of the deposits.

13. The contract is amended to provide that no tenants will be on the property at the time of closing. In the event that any tenants are in the property or have the right to possession of any part of the property, the Buyer shall have the right to cancel the contract with full return of all deposit monies. The Seller shall not renew, modify, or enter into any lease agreements or use and occupancy agreements on the property, or the Buyer shall have the right to cancel the contract with full return of all deposit monies.

14. Any errors and omissions in closing computations shall be corrected and any necessary payments and/or credits shall be immediately provided by the owing party upon discovery of same. This provision shall survive closing of title for a period of 60 days.

15. All time periods referred to in the Contract and any addenda thereto shall run from the conclusion of attorney review.

16. As used in this Addendum, the terms Buyer and Seller shall include the singular and the plural, whichever is applicable.

17. This letter addendum is intended to supplement the Contract between the Seller and the Buyer. The agreements, additions, amendments and promises contained in this Addendum will be effective as if they were typewritten in the Contract. If there is any conflict between the Contract and this Addendum, this Addendum shall prevail. If this Addendum is signed by counsel for either or both parties, then counsel represents that counsel has the authority to sign for and bind the clients to the terms of this Addendum. Further, notice to an attorney shall be deemed notice to the client represented by that attorney. This Addendum may be signed in counterparts. This Addendum may be signed by email, fax or



## DASARO LAW FIRM, PC

digital signature. Execution and delivery of this Addendum by all parties shall constitute the end of attorney review.

    Please review and advise if the above is acceptable so that we may conclude attorney review. Kindly copy my Paralegal, Margaret Walz, on all correspondence to ensure receipt (margaret@dasarolaw.com). We look forward to working with you.

                                  Very truly yours,

                                  *Julia S. Dasaro-Drescher, Esq.*