| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT <br> DISTRICT OF NEW JERSEY <br> Timothy P. Neumann, Esq. [TN6429] <br> Geoffrey P. Neumann, Esq. [59702019] <br> BROEGE, NEUMANN, FISCHER & SHAVER, LLC <br> 25 Abe Voorhees Drive <br> Manasquan, New Jersey 08736 <br> Tel: (732) 223-8484 <br> Email: timothy.neumann25gmail.com <br> geoff.neumann@gmail.com <br> *Attorneys for Debtors-in-Possession,* <br> *George Sariotis and Cindy Sariotis* | |
| In Re: <br><br> GEORGE SARIOTIS and <br> CINDY SARIOTIS, <br><br>         Debtors. | Case No.: 22-12916 <br><br> Chapter 11 <br><br> Judge: Michael B. Kaplan <br><br> Hearing Date: 5/5/2022 |

**VERIFIED APPLICATION IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER AUTHORIZING THE SALE OF DEBTORS' INTEREST IN REAL PROPERTY COMMONLY KNOWN AS 61 REDWOOD DRIVE, MONMOUTH COUNTY, NEW JERSEY FREE AND CLEAR OF LIENS WITH VALID LIENS TO ATTACH TO PROCEEDS OF SALE**

The Debtors, George Sariotis and Cindy Sariotis, by and through their attorneys, hereby makes application for an order authorizing sale of the real property commonly known as 61 Redwood Drive, Ocean Township, Monmouth County, New Jersey and in support thereof, states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. On April 10, 2022, the Debtors filed a Chapter 11 petition with this Court.

3.    One of the assets of the Debtors, George Sariotis and Cindy Sariotis, is a 95% interest in real property located at 61 Redwood Drive, Ocean Township, Monmouth County, New Jersey (the "**Property**") and (hereinafter the "Sellers").

4.    Thalia Sariotis, the mother of joint-Debtor George Saroitis, has a 5% ownership interest in the Property, is not a Debtor, and resides at the Property.

5.    The Sellers have found Buyers, Tony Smith and Elinor Smith, and the Sellers desire to sell the Property and have entered into a Contract of Sale of the Property for a sale price of $620,000.00, a copy of which is annexed as **Exhibit A**.

6.    The following judgments were entered in the Superior Court of New Jersey against the Debtors and are liens against the Property:

    A.  SUPERIOR COURT OF NEW JERSEY
        JUDGMENT NUMBER: J-047159-2017
        CASE NUMBER: MON-L-1709-16
        DATE ENTERED: 3/28/2017  DATE SIGNED: 2/28/2017
        TYPE OF ACTION: BOOK ACCOUNT
        VENUE: MONMOUTH
        DEBT: $48,666.94 COSTS $438.24
        CREDITOR(S): ALUMA SYSTEMS CONCRETE CONSTRUCTION, LLC
        ATTORNEY: HUDSON LAW OFFICES PC
        DEBTOR(S): GEORGE SARIOTIS

    B.  SUPERIOR COURT OF NEW JERSEY
        JUDGMENT NUMBER: J-052327-2017
        CASE NUMBER: MRS-L-2535-15
        DATE ENTERED: 4/11/2017  DATE SIGNED: 3/2/2016
        TYPE OF ACTION: OTHER
        VENUE: MORRIS
        DEBT: $41,228.80 COSTS $319.76
        CREDITOR(S): DREYERS LUMBER & HARDWARE INC
        ATTORNEY: RONALD J NELSON ESQ PC
        DEBTOR(S): GEORGE SARIOTIS

C.  SUPERIOR COURT OF NEW JERSEY
    JUDGMENT NUMBER: DJ-137559-2015
    CASE NUMBER: MON-DC-3029-15
    DATE DOCKETED: 8/13/2015  DATE OF JUDGMENT: 5/22/2015
    TYPE OF ACTION: CONTRACT-REG
    VENUE: MONMOUTH
    DEBT: $15,182.80 INT: $3.14 DCKG: $35.00
    CREDITOR(S): JOSEPH FAZIO WALL LLC
    ATTORNEY: KATHLEEN WALL, ESQ.
    DEBTOR(S): GEORGE SARIOTIS

D.  SUPERIOR COURT OF NEW JERSEY
    JUDGMENT NUMBER: DJ-076010-2019
    CASE NUMBER: MON-DC-9067-15
    DATE DOCKETED: 6/12/2019  DATE OF JUDGMENT: 11/23/2015
    TYPE OF ACTION: CONTRACT-REG
    VENUE: MONMOUTH
    DEBT: $5,497.42 COSTS $25.00 INT: $100.70 DCKG: $35.00
    CREDITOR(S): WOODHAVEN LUMBER & MILLWORK
    ATTORNEY: MARVEL & MALONEY P.C.
    DEBTOR(S): GEORGE SARIOTIS

E.  SUPERIOR COURT OF NEW JERSEY
    JUDGMENT NUMBER: J-003177-2018
    CASE NUMBER: MON-L-2903-17
    DATE ENTERED: 1/10/2018  DATE SIGNED: 12/15/2017
    TYPE OF ACTION: OTHER
    VENUE: MONMOUTH
    DEBT: $1,075,691.28
    CREDITOR(S): TWO RIVER COMMUNITY BANK
    ATTORNEY: MEYNER AND LANDIS LLP
    DEBTOR(S): GEORGE SARIOTIS AND CINDY SARIOTIS

F.  SUPERIOR COURT OF NEW JERSEY
    JUDGMENT NUMBER: J-199078-2018
    CASE NUMBER: MON-L-3080-16
    DATE ENTERED: 11/15/2018  DATE SIGNED: 4/18/2018
    TYPE OF ACTION: OTHER
    VENUE: MONMOUTH
    DEBT: $220,053.90 COSTS: $290.00
    CREDITOR(S): HUDSON INSURANCE COMPANY
    ATTORNEY: WESTERMANN SHEEHY KEENAN ET AL
    DEBTOR(S): GEORGE SARIOTIS AND CINDIE SARIOTIS

    G. SUPERIOR COURT OF NEW JERSEY
       JUDGMENT NUMBER: DJ-121109-2019
       CASE NUMBER: MON-DC-3304-19
       DATE DOCKETED: 8/22/2019  DATE OF JUDGMENT: 6/6/2019
       TYPE OF ACTION: CONTRACT-REG
       VENUE: MONMOUTH
       DEBT: $13,857.27 COSTS $374.15 INT: $34.17 DCKG: $35.00
       CREDITOR(S): DISCOVER BANK
       ATTORNEY: PRESSLER FELT & WARSHAW LLP
       DEBTOR(S): GEORGE SARIOTIS

7. The Debtors, George Sariotis and Cindy Sariotis seek to sell free and clear of the judgment liens. None of the judgment creditors have levied upon the Property prepetition and all of the judgment liens are subject to avoidance under section 544(a) of the Bankruptcy Code.

8. Section 363(b) of the Bankruptcy Code (11 U.S.C. §363(b)) provides that the Trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the Estate." 11 U.S.C. § 363(b).

9. In the Third Circuit, the standards for evaluation and approval of a sale pursuant to Section 363 set forth in the case of In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Cir. 1986). In Abbots Dairies, the Court is required to find that the purchaser has acted in good faith and that the proposed sale has been arrived at arm's length and free of fraud, collusion or improper conduct. Abbots Dairies, 788 F.2d at 147 (citations omitted). While "good faith" is not defined in the Bankruptcy Code, the Third Circuit in Abbots Dairies has held that the phrase means one who purchase in "good faith" and for "value". Id.

10. The Third Circuit in Abbotts Dairies then analogized the bona fides of a Section 363(b) purchaser to a buyer at a judicial sale:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the

4

> purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

Abbotts Dairies, 788 F.2d at 147 (*quoting* Rock Industries, 572 F.2d at 1198).

11. Finally, the Court noted that "[t]raditionally, courts have held that 'fair and valuable consideration is given in a bankruptcy sale when the purchaser pays 75% of the appraised value of the assets.'" Abbotts Dairies, 788 F.2d at 149 (*quoting* Rock Industries, 572 F.2d at 1198); In re Karpe, 84 B.R. 926, 933 (Bankr. M.D. Pa. 1988).

12. The sale of the Property pursuant to the annexed satisfies the "good faith" prong of the Abbotts Dairies test. The Sellers have listed the Property with a licensed real estate broker and exposed it to sale for months prior to the execution of the present contract. The Debtors have fully disclosed and requested the Court's approval of the proposed contract. The Debtors have fully disclosed all aspects of the sale and there are no agreements or terms which are not included in the written contract that has been annexed hereto. *See* In re Colony Hill Assoc., 111 F.3d 269 (2d Cir. 1997) (determination of "good faith" is based on traditional equitable principles, including whether there has been full disclosure to the Bankruptcy Court).

13. In addition to the Abbotts Dairies requirements, courts typically require a sound business purpose to sell a debtor's assets. In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); In re Delaware & Hudson Railway Co., 124 B.R. 169, 175-76 (D. Del. 1991); In re Titusville Country Club, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Sovereign Estates, Ltd., 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989); In re Conroe Forge & Manufacturing Corp., 82 B.R. 781, 783-86 (Bankr. W.D. Pa. 1988); In re Industrial Valley Refrigeration & Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987).

14. Courts consider the following non-exhaustive list of factors in determining whether a sound business purpose exists: (a) sound business reason for the sale; (b) accurate and reasonable notice; (c) proportionate value of the asset to the estate as a whole (fair and reasonable); (d) the amount of elapsed time since the filing; (e) the likelihood that a plan of reorganization will be proposed and confirmed in the near future; (f) the effect of the proposed disposition on the future plan; (g) the amount of proceeds to be obtained from the sale versus the appraised value of the property sold; and (h) whether the asset is decreasing or increasing in value. Lionel Corp., 722 F.2d at 1071; Delaware & Hudson Railway, 124 B.R. at 176; In re Weatherly Frozen Food Group, Inc., 149 B.R. 480, 483 (Bankr. N.D. Ohio 1992). A debtor's showing of sound business justification need not be unduly exhaustive. Rather, a debtor is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

**The Proposed Sale Satisfies the Abbots Dairy Factors**

15. The consideration being tendered is fair and reasonable compared to the fair market value of the property when evaluated under the totality of the circumstances.

16. The Purchaser is not an affiliate of the Debtors and are not related to the Debtors in any manner. The Debtors will not derive any benefit, financial or otherwise, from the sale except to the extent reflected in the Purchase Agreement. Consequently, the Purchasers are "good faith" purchaser under the criteria set forth in *In re Abbotts Dairies of Pensylvania, Inc. 788 F.2d 143 (3rd Cir. 1986).*

17. There is no equity in the Property to provide payment to either the Debtors or to 5% interest holder Thalia Sariotis but the sale will reduce the indebtedness owed by the Debtors..

18. The proceeds of sale will be applied at closing to satisfy the mortgage(s) encumbering the Property, municipal real estate taxes, and real estate commissions, if any. Other liens, in particular the judgment liens, will attach to the proceeds of sale, and the Property will be sold free and clear of those liens.

19. In order to facilitate the proposed sale, it is essential and a requirement of the proposed sale that the transfer of the Transferred Assets be free and clear of all existing liens, claims and encumbrances other than those liens which shall be satisfied at closing.

20. 11 U.S.C. §363(f) authorizes the sale of property under 11 U.S.C. §363(b)(2) free and clear of liens with such liens to attach to the sale proceeds. That section provides:

    (a) The Debtor may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if-

    (1) Applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    (2) Such entity consents;

    (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) Such interest is in bona fide dispute; or

    (5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

21. A sale free and clear of the interest may occur if any one of the specified conditions under §363(f) have been met. *See*, Collier on Bankruptcy, ¶363.06 at 363-43 (15th Rev. Ed. 1999).

22. The judgment liens are subject to avoidance pursuant to section 544(a) of the Bankruptcy Code which confers on the trustee or debtor-in-possession the rights of a levying creditor. Section 544(a)(2) of the Code provides that the trustee, standing in the position of a

7

    hypothetical executing judicial lienholder as of the time of the debtor's bankruptcy filing, can avoid certain liens over which she has priority. Priority in this context is determined by state law. *In re Silverman,* 6 B.R. 991, 995 (D.N.J.1980); *In re Visiting Nurse Ass'n of Western Pa.,* 143 B.R. 633, 643 (W.D.Pa.1992), *aff'd,* 986 F.2d 1410 3d Cir.1993); *Farm Credit Bank of St. Louis v. Lucas,* 152 B.R. 244, 246 (C.D.Ill.1993), *rev'd on other grounds,* 18 F.3d 413 (7th Cir.1994). Under New Jersey law, "[p]riority among judgment creditors is determined by the order of their liens of execution."  *In re Silverman,* 2 B.R. 326, 330 (Bankr.D.N.J.) (citing *Burg v. Edmondson,* 111 N.J.Super. 82, 85, 267 A.2d 545 (Ch.Div.1970), *aff'd in part and rev'd in part on other grounds,* 6 B.R. 991 (1980)).

23. Because the judgment liens can be avoided, they are subject to bona fide dispute for purposes of section 363(f). See, In re Millerburg, 61 B.R. 125, 128 (Bankr. E.D.N.C. 1986)("The potential preference action against GMAC would certainly qualify as a bona fide dispute for purposes of § 363(f)(4)."); Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.), 306 B.R. 624, 627 (B.A.P. 8th Cir. 2004) ("Thus, although the trustee did not file an adversary proceeding seeking to avoid the liens in question, he may nevertheless sell free and clear of the bank's liens if he can show, pursuant to 11 U.S.C. § 544, an objective basis for avoiding the liens, and thus establish a bona fide dispute for purposes of 11 U.S.C. § 363(f)(4)."); In re Bedford Square Assocs., L.P., 247 B.R. 140, 145 (Bankr. E.D. Pa. 2000) ("Although the Debtor has not commenced a § 544(a)(3) action to avoid the lease provision at issue, the fact that it could in all probability do so successfully is sufficient to establish that a "bona fide dispute" regarding the enforceability of this Lease provision for purposes of § 363(f)(4) exists."); and see, In re Mitchell, 525 B.R. 38, 41 (Bankr. M.D.N.C. 2014):

> In order for the trustee to prevail in a motion under 11 U.S.C. § 363(f)(4), "evidence must be provided to show factual grounds that there is an 'objective basis' for the dispute." In re Collins, 180 B.R. 447, 452 (Bankr. E.D. Va. 1995). The Court need not "resolve the underlying dispute, just determine its existence." Accordingly, "the propriety of the lien does not necessarily have to be the subject of an immediate or concurrent adversary proceeding. Id. At 452 n.8."

24. The contract of sale further provides that the Seller(s) have agreed to pay a two (2%) percent commission for services rendered by Burke & Manna Real Estate per the purchase agreement and Peter Roache and Theresa Capuano of Berkshire Hathaway HS Fox & Roach a two percent (2%) commission.

25. In light of the foregoing, the Debtors respectfully request that the Court authorize the sale of the Subject Property to Tony Smith and Elinor Smith or such other person or entity making a higher or better offer, free and clear of all liens, with valid liens, if any, to attach to the proceeds of sale.

26. Debtors also seeks relief from the 14-day stay of Bankr. Rule 6004(h) in order to expedite the sale.

Broege, Neumann, Fischer & Shaver, LLC
*Attorneys for Debtors*

By:  */s/ Geoffrey P. Neumann*
      GEOFFREY P. NEUMANN

### **VERIFICATION OF FACTUAL STATEMENTS**

George Sariotis and Cindy Sariotis, of full age, hereby certify as follows:

1. We are the Debtors in the above-captioned Chapter 11 proceeding.

2. We have read the above application.

9

3. We hereby certify that the statements of fact contained in the above application are true. We are aware that if the above statements are willfully false, we are subject to punishment.

        /s/ George Sariotis
        GEORGE SARIOTIS

Date: April 12, 2022

        /s/ Cindy Sariotis
        CINDY SARIOTIS

Date: April 12, 2022