| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**MEYNER AND LANDIS LLP**<br>One Gateway Center, Suite 2500<br>Newark, New Jersey 07102<br>(973) 602-3478<br>Matthew P. Dolan, Esq.<br>MDolan@meyner.com<br>*Attorneys for OceanFirst Bank, N.A. as successor by merger to TwoRiver Community Bank* | Case No.: 22-12916<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan, U.S.B.J.<br><br>Hearing Date: 5/12/2022 |
| IN RE:<br><br>GEORGE SARIOTIS AND CINDY SARIOTIS,<br><br>                        Debtors. | |

## CERTIFICATION OF MATTHEW P. DOLAN, ESQ. IN RESPONSE TO MCCORMICK 110, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

I, MATTHEW P. DOLAN, ESQ., being of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a partner with the law firm Meyner and Landis, LLP, attorneys for secured creditor, OceanFirst Bank, N.A. as successor by merger to TwoRiver Community Bank ("**OceanFirst**").

2. I make this certification in opposition to the Motion by Secured Creditor McCormick 100, LLC for Relief from the Automatic Stay (the "**McCormick Stay Relief Motion**"). I respectfully submit that there is no brief or memorandum of law required to be filed in connection with this opposition as there are no disputed questions of law involved.

1

**Background**

3.     OceanFirst is a secured creditor with a claim to be filed against the Estate as a result of number of commercial loans guaranteed by Debtors George Sariotis and Cindy Sariotis ("**Debtors**") which are secured by a second mortgage (the "**OceanFirst Second Redwood Mortgage**") on real property located at 61 Redwood Drive, Ocean Township, New Jersey, 07755 (the "**Redwood Mortgaged Premises**") as well as a third, fourth and fifth mortgage (the "**Ocean First Third, Fourth and Fifth Pitney Mortgages**") on real property located at 1801 Pitney Street, Ocean Township, New Jersey 07755 (the "**Pitney Mortgaged Premises**"). A true copy of a Proof of Claim and exhibits (the "**TwoRiver POC**") evidencing the foregoing which was filed in a prior related bankruptcy, *In re: George Sariotis*, Case No.: 19-32528 (the "**Initial Bankruptcy**"), is attached hereto as **Exhibit "1"**; see also Claim 10-1 in the Initial Bankruptcy.

4.     During the course of the Initial Bankruptcy and subsequent to filing the TwoRiver POC, OceanFirst sold certain residential loans and corresponding Mortgages secured by the Redwood Mortgaged Premises and the Pitney Mortgaged Premises to McCormick 110. Specifically, OceanFirst sold a certain $200,000 December 6, 2011 residential Home Equity Line of Credit Note (defined as the "Pitney HELOC" in the TwoRiver POC) secured by a second mortgage on the Pitney Mortgaged Premises to McCormick 110 as well as a certain $280,000 September 2, 2009 residential Note (defined as the "Redwood Residential Note" in the TwoRiver POC) secured by a first mortgage on the Redwood Mortgaged Premises. The

2

foregoing loans are the loans defined as "Loan-1" and "Loan-2" within the McCormick Stay Relief Motion. A separate lender, Selene Finance LP, holds the first Mortgage on the Pitney Mortgaged Premises.

5. OceanFirst remains the holder and owner of the commercial loans secured by the OceanFirst Second Redwood Mortgage and OceanFirst Third, Fourth and Fifth Pitney Mortgages.

**Legal Argument**

6. The basis for McCormick 110's requested relief is: (1) the Debtors have no ability or intention to propose a feasible plan of reorganization and only filed the within bankruptcy to stay the sheriff sale after George Sariotis failed to comply with his plan of liquidation in the Initial Bankruptcy; (2) the relief from the automatic stay "has no benefit to the bankruptcy estate" and it was created solely to benefit non-debtor family members who are entitled under a contract for sale for the Redwood Mortgaged Premises to occupy the Redwood Mortgaged Premises until September 2022; and (3) non-debtor insider Gregory Sariotis is entitled to a 2% commission from the sale of the Redwood Mortgaged Premises which is improper.

7. The McCormick 110 Stay Relief Motion should be denied because McCormick 110 neglects the big picture in favor of their own self-interest - a negotiated arms-length sale of the Redwood Mortgaged Premises for $620,000 is much more beneficial to the creditors of the Estate than a Sheriff sale which will likely satisfy the amounts due under the McCormick 110

first mortgage but leave OceanFirst with much less equity to draw from to partially satisfy its total amounts due.

8. Moreover, the more money that is realized from the sale of the Redwood Mortgaged Premises, the more is available to satisfy secured creditors from a sale of the Pitney Mortgaged Premises (this is because OceanFirst's commercial loans are cross-collateralized) and this will potentially leave the Estate in a position where even unsecured creditors can be partially satisfied or, at the very least, secured creditors are satisfied in full.

9. Although OceanFirst agrees that George Sariotis failed to comply with his approved Chapter 11 Plan in the Initial Bankruptcy, the fact that Debtors have listed and are, upon information and belief, outside the attorney review period for the Redwood Mortgaged Premises should significantly impact the Court's consideration of whether "cause" exists to grant relief from the automatic stay pursuant to Section 362(d). Since the Debtors are now moving forward with a sale of their secured properties that have value and because Cindy Sariotis is named a debtor herein but was not named in the Initial Bankruptcy, we respectfully submit that "cause" for relief from the Stay at this time does not exist. Just the opposite, it appears the Debtors are finally showing some evidence of good faith and can potentially realize what is likely an even higher value than they would have realized had they listed the Redwood Mortgaged Premises for sale last year.

10. Further, even if the listing agent is a family member seeking a 2% sale commission, that number is less than the amounts typically paid to residential listing agents and

4

if McCormick 110 disagreed with that figure then McCormick 110 should have opposed the application for retention of Burke & Manna which was granted by the Court on May 3, 2022. If the Bankruptcy Court ultimately disagrees with an application for compensation based on the agent's relationship to the Debtors, then the application for compensation can be modified or rejected.

11.     Finally, the fact that there is a use and occupancy agreement included as part of the contract for sale and in place until September of 2022 is irrelevant and has no bearing on the sale itself because there is no corresponding reduction in sale funds coming into the Estate (as far as we are aware).

12.     In sum, there is no reason to put this nearly completed property sale back into the hands of the Monmouth County Sheriff when it can be sold for a higher value and still satisfy McCormick 110's outstanding first mortgage debt through the within bankruptcy proceeding. Moreover, McCormick 110 is more than adequately protected by the equity value of the Redwood Mortgaged Premises. For this reason, the McCormick Stay Relief Motion should be denied.

**Conclusion**

13.     OceanFirst shares McCormick 110's concerns related to delay and the fact that George Sariotis failed to comply with his Chapter 11 Plan for Reorganization in the Initial Bankruptcy. However, OceanFirst does not believe that failure is sufficient cause for relief from the Stay at this time. For that reason and the reasons set forth above, we respectfully

request that the Court deny the McCormick Stay Relief Motion *without prejudice* and allow the Redwood Mortgaged Premises to be sold pursuant to the Debtors' separately pending Section 363 Motion for an Order Authorizing the Sale of Debtors' Interest in Real Property Free and Clear of Liens. In the event that the Debtors do not swiftly file a new proposed Chapter 11 Plan and list the Pitney Mortgaged Premises for sale, then the Court can re-consider a renewed application for leave from the Stay by McCormick 110, OceanFirst or any other creditor aggrieved by what may then be evidence of the Debtors' bad faith or intention to delay.

        **MEYNER AND LANDIS LLP**
        *Attorneys for Secured Creditor*
        *OceanFirst Bank, N.A.*

        By:    */s/ Matthew P. Dolan*
                 Matthew P. Dolan

DATED: May 5, 2022