# BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
## ATTORNEYS AT LAW

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
GEOFFREY P. NEUMANN
--------------------
CARL BROEGE
*of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY  08736
PHONE: (732) 223-8484
FAX  (732) 223-2416
EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM
GEOFF.NEUMANN@GMAIL.COM

May 5, 2022

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

Re:    George Sariotis and Cindy Sariotis
       Case No. 22-12916/MBK
       Motion for Relief from the Automatic Stay
       filed by McCormick 110, LLC
       **Return Date:  May 12, 2022 @ 10:00 a.m.**

Dear Judge Kaplan:

Please accept this letter brief in lieu of a more formal opposition to the motion of McCormick 110, LLC (hereinafter "Bank") for stay relief as referenced above (the "**Motion**"). The Debtor's principal assets are properties located at 61 Redwood Drive, Ocean, NJ 07712 ("**61 Redwood**") and 1801 Pitney Drive, Oakhurst, NJ 07755 ("**1801 Pitney**") (collectively, the "**Properties**").

On April 15, 2022, five (5) days after the petition date, the Debtors filed a motion to sell 61 Redwood free and clear of liens pursuant to Section 363 of the Bankruptcy Code [Dkt. No. 16] (the "**Sale Motion**") the same day the Bank filed its Motion [Dkt. No. 15]. While the Bank has not opposed the Sale Motion, the Court has carried the hearing until May 19, 2022

largely on the basis that the instant Motion for stay relief creates the impression that the Bank has not consented to the sale of 61 Redwood.

The gravamen of the Bank's Motion is premised upon the perceived inability of the Debtors to prosecute a feasible bankruptcy plan and have only filed to the instant bankruptcy to stay a sheriff sale after a failure of George Sariotis to adhere to his initial bankruptcy filing, *In re George Sariotis*, Case No.: 19-32528 (the "**Initial Bankruptcy**"). The Bank contends that (a) the automatic stay "has no benefit to the bankruptcy estate" and it was created solely to benefit non-debtor family members who are entitled under a contract for sale to occupy the 61 Redwood until September 2022; and (b) non-debtor insider Gregory Sariotis is entitled to a 2% commission from the sale of the Redwood Mortgaged Premises which is improper.

It should first be noted that there appears to be some confusion as to the use and occupancy of 61 Redwood by Gregory Sariotis, who is deceased and has lived at 61 Redwood for over a year. The decedent's grandson (and Debtors' son) is also named Gregory Sariotis, he does not reside on the premises, and his entitlement to 2% commission is less than the amounts typically paid to residential listing agents. In addition, if the Bank disagreed with that figure and the status of Gregorty Sariotis's status as insider then it should have opposed the application for retention of the realtor which was granted by the Court on May 3, 2022.

In addition, are several factual disparities between the instant filing and the Initial Bankruptcy. Most notably, the Initial Bankruptcy did not include co-Debtor Cindy Sariotis who has judgment liens against her that are held by TwoRiver Community Bank, predecessor in interest to OceanFirst Bank ("**OceanFirst**").  OceanFirst is a secured creditor as a result of number of commercial loans guaranteed by Debtors George Sariotis and Cindy Sariotis, which are secured by a second mortgage on 61 Redwood as well as a third, fourth and fifth mortgage

on 1801 Pitney. Cindy Sariotis shares a 95% ownership interest with George Sariotis in 61 Redwood and the Debtors share a 100% interest in 1801 Pitney. It follows that in order to sell either of the Properties free and clear of judgment creditors who hold liens against both Properties, Cindy Sariotis would need to be included as a debtor in the bankruptcy as well. This issue was not addressed in the Initial Filing and has now been remedied here.

It should also be noted that only reason the Debtors have yet to list 1801 Pitney is because they are in the process of making repairs including but not limited to the driveway and chimney that were not financially possible before George Sariotis started working again some six (6) months ago.

Second, the Debtors have agreed to a good-faith arms-length transaction with a buyer for 61 Redwood and are prepared to market and sell 1801 Pitney within a reasonable amount of time as well in order to maximize the benefit to *all* creditors of the bankruptcy estate – not just the Bank. Acting in its own interest to the detriment of the entire creditor body, the main effect of the Bank's Motion thus far has only been to delay the process – instead preferring to have both Properties sold at public auction where its lien will be paid in full but no other creditors shall.

The Debtors acknowledge that the time has come to effectuate the sales of these Properties, and submit that while the Bank may be paid in full at sheriff sale values, the entire creditor body will suffer as the proceeds will fall well short of paying all judgment creditors in full including and especially OceanFirst who is in a junior position to the Bank on both Properties. The Bank seeks relief in order that it alone may be paid at the cost of maximizing sale proceeds to pay as many creditors as possible.

This case is still in the very early stages. The Debtor just had their 341 meeting of creditors today. Because the Bank has not demonstrated that cause exists for relief rom the automatic stay beyond its own self-interest, it is respectfully requested that the Court deny the Bank's motion to for stay relief.

Respectfully submitted,
Broege, Neumann, Fischer & Shaver, LLC


/s/ _Geoffrey P. Neumann_____
By: Geoffrey P. Neumann