# BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
## ATTORNEYS AT LAW

| | |
|---|---|
| TIMOTHY P. NEUMANN | 25 ABE VOORHEES DRIVE |
| PETER J. BROEGE | MANASQUAN, NEW JERSEY 08736 |
| FRANK J. FISCHER | PHONE: (732) 223-8484 |
| DAVID E. SHAVER | FAX (732) 223-2416 |
| GEOFFREY P. NEUMANN | EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM |
| ––––––––––––––––––– | GEOFF.NEUMANN@GMAIL.COM |
| CARL BROEGE | |
| *of counsel* | |

June 22, 2022

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

Re:  George Sariotis and Cindy Sariotis
  Case No. 22-12916
  Adv. Pro.: 22-1109

Dear Judge Kaplan:

I am writing to provide some factual background on the above proceedings as they relate to the adjournment request of Mr. Ryan Wetter ("Mr. Wetter") dated June 20, 2022. As Your Honor is aware, the Debtors filed a 363 motion to sell property located at 61 Redwood Drive, Oakhurst, NJ on April 15, 2022 [Dkt. No.: 16]. On May 19 2022, the Court adjourned the initial hearing to tomorrow, June 23, 2022. Now in response to the adjournment request of Mr. Wetter, one day before the hearing, the Court has again adjourned the sale motion to July 14, 2022 along with our motion for summary judgment in the above-referenced adversary proceeding for possession of the subject property [Dkt. No.: 3].

The adjournment request of Mr. Wetter is meritless. Despite being served on April 26, 2022 [Adv. Pro. Dkt No.: 4], the defendants have not filed an Answer to the adversary complaint. Aside from being procedurally improper, the adjournment request is highly irregular and almost certainly fatal to the Debtor's sale efforts. Mr. Wetter is not only seeking information that is overly burdensome and irrelevant to the sale motion, he has been aware of both the sale the motion and the adversary proceeding for over 2 months, which is more than ample time to retain counsel. In addition, it should be noted that Mr. Wetter has been living at the property without paying rent for years and the sale contract contains a use and occupancy

clause allowing the occupants to remain in the house until September 30, 2022 while the Debtors continue to make protection payments.

Most importantly, the Debtors stand to lose their buyer if the motion is postponed to July 14. The buyers have a rate-lock provision that expired on May 12, 2022 and the Debtors have since agreed to fund the rate-lock extension from the sale proceeds. The following is copied from my email correspondence with buyer's counsel:

*Our client's rate lock expires on May 12th. In order to extend the rate, they will have to pay $58.90 per day thereafter. Buyer is seeking for Seller to provide a credit to cover the rate lock extension.*

As stated, the Debtors have agreed to fund the extension. By the end of June the total extension fee will have accrued to approximately $3,000. The estate should not be unduly burdened with this cost so that Mr. Wetter can settle on retention of counsel and continue his own "fact-finding" exploration. Moreover, while the Debtors are making adequate protection payments to the secured creditors OceanFirst and McCormick 110 LLC, OceanFirst as second position lienholder stands to lose money from the sale proceeds as equity continues to erode - all so Mr. Wetter has more time to find an attorney - something he should have done weeks if not months ago.

Based on the foregoing, it is respectfully requested that the Court proceed with the 363 sale motion tomorrow at 10:00AM, June 23, 2022 as further adjournment is highly prejudicial to my clients.

.         Respectfully submitted,


s/ *Geoffrey Neumann*
   Geoffrey Neumann


GPN
cc:   Mr. Ryan Wetter, *pro se Defendant*
      Kyle Eingorn, Esq., *counsel for McCormick 110 LLC*
      Matthew Dolan, Esq. *counsel for OceanFirst Bank, N.A.*
      George Sariotis and Cindy Sariotis, *Debtors*