**MEYNER AND LANDIS LLP**

REPLY TO:  
MATTHEW P. DOLAN  
DIRECT DIAL: 973-602-3478  
MDOLAN@MEYNER.COM

ATTORNEYS AT LAW  
ONE GATEWAY CENTER  
SUITE 2500  
NEWARK, NEW JERSEY 07102  
WWW.MEYNER.COM

NEW YORK:  
100 PARK AVENUE  
16TH FLOOR  
NEW YORK, NEW YORK 10016  
(516) 683-0171

June 22, 2022

**VIA CM/ECF**
Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

    Re:    **In re: George Sariotis and Cindy Sariotis**
             **Case No. 22-12916; Adv. Pro.: 22-1109**

Dear Judge Kaplan:

    This firm represents OceanFirst Bank, N.A. as successor by merger to TwoRiver Community Bank ("**OceanFirst**"). We are writing Your Honor to formally join in the request of Debtors George Sariotis and Cindy Sariotis ("**Debtors**") to deny the adjournment request filed by Mr. Ryan Wetter, seeking to adjourn the Debtors' § 363 Motion for the sale of real property located at 61 Redwood Drive, Oakhurst, NJ (the "**61 Redwood Property**") which Mr. Wetter is evidently residing in. Although we were just served with Debtors' objection and Mr. Wetter's response this evening, we thought it prudent to clarify a few additional issues relevant to this pending Motion before the hearing scheduled for tomorrow, June 23, 2022.

    *First*, importantly, on May 21, 2022, the Court entered a Consent Order Resolving Motion for Relief from the Automatic Stay where Debtors agreed to sell the 61 Redwood Property on or before June 30, 2022 and, in the event the Property is not sold by that date, Secured Creditors McCormick 110, LLC and OceanFirst are granted *in rem* relief from the automatic stay to pursue their state court rights as to the 61 Redwood Property. See [ECF Doc. No. 39](#). As set forth in McCormick 110's Motion for Relief from the Stay which preceded the Consent Order ([ECF Doc. No.: 15](#)), the within Bankruptcy was filed on the eve of a sheriff sale scheduled by McCormick for the 61 Redwood Property. What this means, practically, is that in the event the 61 Redwood Property closing does not move forward next week, then the 61 Redwood Property will be removed from the Estate and instead sold via a County Sheriff Sale where it will inevitably be sold for much less than the amount it is under contract to be sold for now. Equity and the avoidance of waste demand that the Court allow this sale Motion to move forward.

    *Second*, ironically enough, while Mr. Wetter is attempting to hold up the arms-length sale that includes a use and occupancy agreement through September 30, 2022, it is possible that

Honorable Michael B. Kaplan, U.S.B.J.
June 23, 2022
Page **2** of **2**

McCormick will immediately re-schedule its Sheriff Sale and Mr. Wetter will end up being ejected[1] from the 61 Redwood Property sooner than he would have had to vacate the 61 Redwood Property under the present contract for sale[2].

    *Third*, the Court should take note that Mr. Wetter does not have any ownership interest in the Property and Mr. Wetter cannot appear in this Court on behalf of Thalia Sariotis via a Power of Attorney. See New Jersey Supreme Court Committee on Unauthorized Practice, Op. 50. ("A power of attorney does not permit a nonlawyer to provide legal services or advice, or represent the principal in any judicial or quasi-judicial forum. A nonlawyer who acts in this manner engages in the unauthorized practice of law."). Thus, as a practical matter, the Court can and should enter the relief requested by the Debtors over the objection of Mr. Wetter and Mr. Wetter's "objection" allegedly made on behalf of Thalia Sariotis as a 5% owner of the 61 Redwood Property who has been served but not filed an opposition, Answer or adjournment request should be disregarded and not considered by this Court.

    In sum, it would be wasteful and inequitable to further adjourn the approval of the Debtors' § 363 Motion for the sale of the 61 Redwood Property and allow it to be sold via Sheriff Sale. It is also improper to grant a further request to adjourn based on objections made from an individual with no ownership interest in the 61 Redwood Property, who is not a lawyer and lacks the ability to appear in this judicial forum on behalf of Thalia Sariotis who is in default.

    Respectfully,

    **MEYNER AND LANDIS LLP**

    */s/ Matthew P. Dolan*
    Matthew P. Dolan

cc:    Mr. Ryan Wetter (via email)
       Geoff Neumann, Esq. (via email and CM/ECF)
       Kyle Eingorn, Esq. (via email and CM/ECF)

---

[1] Upon information and belief, Mr. Wetter does not have any tenancy rights in the 61 Redwood Property and is occupying the 61 Redwood Property only upon the authority of the 5% interest holder, Thalia Sariotis.

[2] Notably, had Debtors never filed the within Chapter 11 Proceeding, the 61 Redwood Property would have already been sold via Sheriff Sale, on April 11, 2022, and Mr. Wetter would have likely already been removed.