| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Timothy P. Neumann, Esq. [TN6429]<br>Geoffrey P. Neumann, Esq. [59702019]<br>BROEGE, NEUMANN, FISCHER & SHAVER, LLC<br>25 Abe Voorhees Drive<br>Manasquan, New Jersey 08736<br>Tel: (732) 223-8484<br>Email: timothy.neumann25gmail.com<br>          geoff.neumann@gmail.com<br>*Attorneys for Debtors-in-Possession,*<br>*George Sariotis and Cindy Sariotis* | **Order Filed on July 8, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>GEORGE SARIOTIS and<br>CINDY SARIOTIS,<br><br>           Debtors. | Case No.: 22-12916<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan<br><br>Hearing Date: 5/5/2022 |

**ORDER AUTHORIZING THE SALE OF DEBTORS' INTEREST IN REAL PROPERTY COMMONLY KNOWN AS 61 REDWOOD DRIVE, MONMOUTH COUNTY, NEW JERSEY FREE AND CLEAR OF LIENS WITH VALID LIENS TO ATTACH TO PROCEEDS OF SALE**

Recommended Local Form:     ☐ Followed     ■ Modified

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: July 8, 2022**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

**Page** 2 of 3
Debtor:   George Sariotis and Cindy Sariotis
Case No.:   22-12916/MBK
Caption of Order:  Order Approving Sale of Real Property

___

Upon consideration of the application/motion of the Debtors (the "**Motion**"), for an order authorizing the sale of 61 Redwood Drive, Monmouth County, New Jersey (the "**Property**"), and good cause appearing therefore, it is hereby ORDERED as follows:

1. Pursuant to 11 U.S.C. §§363(b), the Debtors are authorized to sell the Property on the terms and conditions of the contract of sale as modified.

2. The proceeds of sale must be used to satisfy the liens for real estate taxes and other municipal liens and the mortgage liens. Until such satisfaction the Property is not free and clear of those liens.

3. The sale is free and clear of all liens not described in paragraph 2 above, including without limitation, tax liens of the United States of America, which liens shall not be paid at closing from the proceeds of sale but which, to the extent such liens are valid, will attach to the proceeds of sale with the same priority as they had encumbered the Property.

4. In accordance with D.N.J. LBR 6004-5, the Motion and the *Notice of Proposed Private Sale* included a request to pay the real estate broker(s) identified below at closing. Therefore the following professional(s) may be paid at closing.

| Name of professional: | Amount to be paid: | Services rendered: |
|---|---|---|
| Burke & Manna Real Estate | 2% | Seller's Agent |
| Berkshire Hathaway HS Fox & Roach Peter Roache/Theresa Capuano | 2% | Buyer's Agent |

5. The Purchaser is a "good faith" purchaser under the criteria set forth in *In re Abbotts Dairies of Pensylvania, Inc. 788 F.2d 143 (3rd Cir. 1986).*

Page 3 of 3
Debtor:  George Sariotis and Cindy Sariotis
Case No.: 22-12916/MBK
Caption of Order:  Order Approving Sale of Real Property

_____

6. Other closing fees payable by the Debtors may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

7. This Court shall retain jurisdiction to enforce and implement the provision of this Order and to resolve any dispute concerning the sale of the Property, or the rights and duties of all interested parties.

8. This Order may be recorded with the County Clerk to evidence that the Property was authorized to be sold.

9. Proper, timely, adequate and sufficient notice of the sale has been provided in accordance with 11 U.S.C. §§ 102, 105(a) and 363 and Rules 2002, 6004 and 9014 of the Bankruptcy, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale shall be required

10. The 14-day stay of Bankr. Rule 6004(h) does not apply and the sale of the Property can be consummated upon entry of this Order.