MEYNER AND LANDIS LLP

ATTORNEYS AT LAW
ONE GATEWAY CENTER
SUITE 2500
NEWARK, NEW JERSEY 07102
WWW.MEYNER.COM

REPLY TO:
MATTHEW P. DOLAN
DIRECT DIAL: 973-602-3478
MDOLAN@MEYNER.COM

NEW YORK:
100 PARK AVENUE
16TH FLOOR
NEW YORK, NEW YORK 10016
(516) 683-0171

November 29, 2022

**VIA CM/ECF**
Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

**Re: In re: George Sariotis and Cindy Sariotis**
**Case No. 22-12916; Adv. Pro.: 22-1109**

Dear Judge Kaplan:

This firm represents OceanFirst Bank, N.A. as successor by merger to TwoRiver Community Bank ("**OceanFirst**"). We are writing Your Honor to join in and address the Motion of Debtors George Sariotis and Cindy Sariotis ("**Debtors**") seeking to sell the Debtors' interest in real property commonly known as 1801 Pitney Street, Ocean Township, Monmouth County, New Jersey (the "**Pitney Property**") Free and Clear of Liens other than real estate taxes, municipal liens and outstanding mortgage liens (the "**§363 Sale Motion**").

OceanFirst is a secured creditor and the holder of multiple cross-collateralized mortgages on the Pitney Property[1] (the "**OceanFirst Mortgages**"). OceanFirst joins in the §363 Sale Motion as the sale of the Pitney Property via an arms-length sale transaction will preserve equity and avoid the waste that will be incurred in the event the Pitney Property is sold via a Sheriff Sale as presently scheduled for December 12, 2022. OceanFirst also consents to the language in the Debtors' proposed Order stating, among other things, that the proceeds of sale must be used to satisfy liens for all outstanding mortgages and until such satisfaction the Property is not free and clear of those liens.

Notwithstanding the foregoing, OceanFirst notes to the Court that the proceeds of sale may not be sufficient to satisfy all of the outstanding amounts due under the OceanFirst Mortgages. OceanFirst intends to prepare a payoff prior to the closing date of any scheduled sale and if the sales proceeds are insufficient to satisfy the total outstanding amounts due, OceanFirst may be

---

[1] We understand that Specialized Loan Servicing holds a first mortgage on the Pitney Property. McCormick 110, LLC holds a second mortgage on the Pitney Property. OceanFirst holds third, fourth and fifth mortgages on the Pitney Property. As set forth in the §363 Sale Motion, OceanFirst also holds a judgment lien against the Debtors (the "**OceanFirst Judgment Lien**").

amenable to a short sale in order to effectuate the sale of the Pitney Property via an arms-length sale transaction. In such an event and unless otherwise agreed in advance, OceanFirst will continue to reserve all rights against the Debtors for the remaining amounts due under the OceanFirst Mortgages and the OceanFirst Judgment Lien. As a result of the foregoing, we respectfully request that the proposed form of Order be modified at paragraph two (2) to provide the following additional language identified via underline: "2. The proceeds of sale must be used to satisfy the liens for real estate taxes and other municipal liens and the mortgage liens. Until such satisfaction the Property is not free and clear of those liens. In the event that the proceeds of sale are not sufficient to satisfy the liens for real estate taxes and other municipal liens and mortgage liens in full, OceanFirst, N.A. ("OceanFirst") may consent in writing to a partial short sale and release of its mortgage liens on the Pitney Property but such consent by OceanFirst shall not constitute a waiver of any and all other rights OceanFirst may have against the Debtors."

We thank Your Honor for his continued consideration of this matter.

Respectfully,

**MEYNER AND LANDIS LLP**

*/s/ Matthew P. Dolan*
Matthew P. Dolan

cc: Geoff Neumann, Esq. (via CM/ECF)
Kyle Eingorn, Esq. (via CM/ECF)
Stuart H. West, Esq. (via CM/ECF)