Order Filed on December 1, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann, Esq. [59702019]
BROEGE, NEUMANN, FISCHER & SHAVER, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Tel: (732) 223-8484
Email: timothy.neumann25gmail.com
geoff.neumann@gmail.com
*Attorneys for Debtors-in-Possession,*
*George Sariotis and Cindy Sariotis*

| | |
|---|---|
| In Re:<br><br>GEORGE SARIOTIS and<br>CINDY SARIOTIS,<br><br>Debtors. | Case No.: 22-12916<br><br>Chapter 11<br><br>Judge: Michael B. Kaplan<br><br>Hearing Date: 12/1/2022 |

**ORDER AUTHORIZING THE SALE OF DEBTORS' INTEREST IN REAL PROPERTY COMMONLY KNOWN AS 1801 PITNEY STREET, MONMOUTH COUNTY, NEW JERSEY FREE AND CLEAR OF LIENS WITH VALID LIENS TO ATTACH TO PROCEEDS OF SALE**

Recommended Local Form: ☐ Followed ■ Modified

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: December 1, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

---

Upon consideration of the application/motion of the Debtors (the "**Motion**"), for an order authorizing the sale of 1801 Pitney Street, Monmouth County, New Jersey (the "**Property**"), and good cause appearing therefore, it is hereby ORDERED as follows:

1. Pursuant to 11 U.S.C. §§363(b), the Debtors are authorized to sell the Property on the terms and conditions of the contract of sale as modified.

2. The proceeds of sale must be used to satisfy the liens for real estate taxes and other municipal liens and the mortgage liens. Until such satisfaction the Property is not free and clear of those liens. In the event that the proceeds of sale are not sufficient to satisfy the liens for real estate taxes and other municipal liens and mortgage liens in full, OceanFirst, N.A. ("OceanFirst") may consent in writing to a partial short sale and release of its mortgage liens on the Pitney Property but such consent by OceanFirst shall not constitute a waiver of any and all other rights OceanFirst may have against the Debtors.

3. The sale is free and clear of all liens not described in paragraph 2 above, including without limitation, tax liens of the United States of America, which liens shall not be paid at closing from the proceeds of sale but which, to the extent such liens are valid, will attach to the proceeds of sale with the same priority as they had encumbered the Property.

4. In accordance with D.N.J. LBR 6004-5, the Motion and the *Notice of Proposed Private Sale* included a request to pay the real estate broker(s) identified below at closing. Therefore the following professional(s) may be paid at closing.

| Name of professional: | Amount to be paid: | Services rendered: |
|---|---|---|
| Burke & Manna Real Estate | 3% | Dual Agent |

5. The Purchaser is a "good faith" purchaser under the criteria set forth in *In re Abbotts Dairies of Pensylvania, Inc. 788 F.2d 143 (3rd Cir. 1986).*

6. Other closing fees payable by the Debtors may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

7. This Court shall retain jurisdiction to enforce and implement the provision of this Order and to resolve any dispute concerning the sale of the Property, or the rights and duties of all interested parties.

8. This Order may be recorded with the County Clerk to evidence that the Property was authorized to be sold.

9. Proper, timely, adequate and sufficient notice of the sale has been provided in accordance with 11 U.S.C. §§ 102, 105(a) and 363 and Rules 2002, 6004 and 9014 of the Bankruptcy, such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Sale shall be required

10. The 14-day stay of Bankr. Rule 6004(h) does not apply and the sale of the Property can be consummated upon entry of this Order.

AS TO THE LIEN OF SPECIALIZED LOAN SERVICING, LLC ("SLS")

11. A sufficient portion of the proceeds of any Transaction shall be devoted to full satisfaction of all sums due upon the Mortgage held by SLS; and

12. The Mortgage lien of SLS shall not be released unless and until sufficient funds are tendered to fully satisfy all sums due upon the Mortgage (notwithstanding entry of Final Judgment in the Foreclosure and/or any Proof of Claim in any Bankruptcy case), together with any amounts (including without limitation advances, disbursements, interest, costs, fees, etc.) which may have been disbursed, incurred or otherwise become due after a formal Payoff Statement is provided; and

13. All terms and conditions of the Mortgagee's Payoff Statement, to be supplied in the ordinary course, are to be deemed incorporated herein by reference and compliance with such terms and conditions is required as a condition precedent to release of the Mortgage lien held by SLS; and

14. The Mortgagee's contractual Payoff Statement and applicable non-bankruptcy law shall be the exclusive determinant of the full amount due on the Mortgage lien held by SLS. The Trustee and/or Debtor reserves the right to question, contest and/or request verification of any line item(s) in the Mortgagee's Payoff Statement, but waives any challenge to the contractual calculation of the full amount due.