UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Maggie H. McGee, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 22-12916 |
| | Chapter 11 |
| George Sariotis and Cindy Sariotis, | |
| | Honorable Michael B. Kaplan |
| | Date: 1/19/2023 at 10:00 a.m. |
| Debtor (s). | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO DISMISS AND CROSS MOTION TO CONVERT CASE TO ONE UNDER CHAPTER 7**

Andrew R. Vara, the United States Trustee for regions 3 and 9 ("U.S. Trustee"), by and through counsel, and in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby files this objection ("Objection") to Debtor's Motion to Dismiss Case ("Motion")(ECF No. 67) filed in connection with the above referenced case, and cross moves to convert the case to one under chapter 7, and support thereof, states as follows:

## I. BACKGROUND

1. George and Cindy Sariotis (the "Debtors") filed a voluntary chapter 11 bankruptcy case on April 10, 2022. ECF No. 1.

2. The Debtors filed an *Application to Retain Burke & Manna as Real Estate Brokers for the Debtor in Compliance With D.N.J. LBR 2014(1)(a)* ("Broker Retention Application") on April 14, 2022. ECF No. 14. Pursuant the Broker Retention Application the

Debtor's sought to retain Burke & Manna Real Estate to sell 61 Redwood Drive, Ocean Township in New Jersey, property owned by the Debtors. The Broker Retention Application disclosed that Michael Manna would market and sell the property and would receive a 2% sales commission as compensation. ECF No. 14. Regarding connections to the Debtors, Burke & Manna disclosed that it had represented George Sariotis in connection with the sale of 1046 Wayside Road in Tinton Falls New Jersey, which property was sold in the Debtors' prior case, case no. 19-32528. *Id.*

3. The Broker Retention Application disclosed that Burke & Manna had no adverse interest to the estate, did not represent any adverse interest to the estate and was disinterested under 11 U.S.C. § 101(14). *Id.*

4. On November 15, 2022, the Debtors filed a *Motion Pursuant to Sections 105(A) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order Authorizing the Sale of the Debtors' Interest in Real Property Commonly Known as 101 Pitney Street, Monmouth County, New Jersey Free* ("Pitney Street Property") *and Clear of Liens with Valid Liens to Attach to Proceeds of the Sale* ("Sale Motion"). ECF No. 55.

5. Pursuant to the Sale Motion, the Debtors sought to sell the Pitney Street Property to Vincent H. Gifford for $800,000. Pursuant to *Exhibit Use and Occupancy* attached to the Sale Motion, the Debtors are to occupy the Pitney Street Property as licensees at least until June 2023 and pay taxes and insurance as those debts become due. ECF NO. 5-3. The Debtors will not be paying any rent. *Id.*

6. After reading the above-described term of the sale of the Pitney Street Property, counsel for the U.S. Trustee e-mailed Debtors' counsel stating as follows:

> I reviewed the Sariotis Motion to Sell and have the following questions: 1) why does Zillow estimate the value of the house at $1.2 million and the property is being sold for

$800k; 2) were any other offers received; 3) why is the buyer allowing the debtors to stay in the property until June; and 4) will the debtors be paying rent and, if not, why would the seller agree to let them stay in the property without paying rent if they have no connection. Let me know asap. Thanks.

7. Debtors' counsel responded stating:

1) The realtor listed the property at $1.2 million as an aspirational value - hoping they could get a buyer for that amount.
2) There were other offers for $800, $850, and $900K but higher offers were subject to contingencies where the buyer(s) would have to sell other property and apply for a mortgage. The other $800K offer would not allow for use and occupancy. As we are out of time the Debtors find this to be their best option.
3) The buyer is a wealthy investor and is purchasing the home without intending to ever move in. If you recall, the buyers for the Debtors' last property at 61 Redwood Dr. also allowed the tenants to remain for 5 months after closing (initially set for May but did not occur until July) while paying a nominal monthly fee.
4) The Debtors will be paying taxes/ins for 6 months, after which the buyer may allow them to remain as tenants paying full rent. But that agreement is not yet final.

8. With the above assurances, the U.S. Trustee decided not to object to the Sale Motion.

9. On December 23, 2023, the Debtors filed a Motion to Dismiss their bankruptcy case indicating that there were no assets remaining to be administered. ECF No. 67.

10. In connection with a review of the Motion to Dismiss, counsel for the U.S. Trustee reviewed the sales contract attached to the Sales Motion and realized for the first time that the listing agent identified in the contract was one Gregory Sariotis, the son of Debtor, George Sariotis. Gregory Sariotis is identified as broker for both buyer and seller. ECF No. 55-2 at 1. Burke & Manna Real Estate Agency is identified as the listing firm and Gregory Sariotis is identified as the authorized representative of Burke & Manna Real Estate Agent at ¶ 29 of the contract. ECF No. 55-2 at 11.

11. No retention application was ever filed to employ a real estate broker to sell the Pitney Street Property. No disclosure was ever made that Gregory Sariotis was the son of the Debtor or that he worked for Burke & Manna, or that he would serve as both the seller's broker and buyer's broker.

## II. DISCUSSION

### A. Based on the Failure to Employ a Broker to Sell the Pitney Street Property and Disclose the Connections Between the Real Estate Professional and the Debtors, Burke & Manna Return The Commission They Received.

#### a. Debtors Were Required To File An Application To Retain A Real Estate Agent To Sell The Pitney Street Property

Pursuant to 11 U.S.C. § 327(a), a trustee, with the court's approval, may employ one or more professional persons, "that do not hold or represent an interest adverse to the estate, and that are disinterested persons ...." 11 U.S.C. § 327. Section 327 requires that all professionals employed by the estate be authorized by the Court prior to any services provided. 11 U.S.C. §327. Bankruptcy professionals are required to be retained separately and are required to submit separate disclosures. 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014(a), 2016(a). *In re GSC Group, Inc*., 502 B.R. 673 (Bankr. S.D. N.Y. 2013). The Debtors failed to retain Burke & Manna, or any other real estate agent, to sell the Pitney Street Property. The failure to employ and the failure to disclose has significant consequences as described below.

#### b. Burke & Manna Should Never Have Been Employed To Sell The Debtors' Property As the Firm Was Not Disinterested.

Real estate brokers are considered "professional persons" under Section 327. *In re Waggoner,* 605 B.R. 222, 227 (Bankr D.N.M. 2019). Section 327 requires a professional to be disinterested. "Disinterested person" is defined in Section 101(14) as "[a] person that—(A) is not a creditor, an equity security holder, or an *insider* ...." (Emphasis added.) In the case of an

individual, the term "insider" includes a "*relative* of the debtor." § 101(31) (emphasis added). A chapter 11 debtor cannot employ a real estate agent for the sale of the debtor's property if the agent is an insider. *U.S. Trustee v. Price Waterhouse,* 19 F.3d 138 (3rd Cir. 1994*)*.

Because of his status as a relative of the Debtors, Gregory Sariotis is an insider pursuant to 11 U.S.C, § 101(31)(A)(i) and cannot be considered a "disinterested person" for purposes of Section 327. Therefore, without question, both he and his firm should have been disqualified from being employed as professionals by Debtors. *Id.* Even though Gregory Sariotis' interest may be the same as the estates', that is, to sell the Pitney Street Property for the highest price possible and the greatest return of equity for the creditors, that commonality of interest does not allow this Court, either by its equity powers or otherwise, to skirt the prohibitions of the Code. *Id.; see also, In re Palm Coast, Matanza Shores Ltd. Partnership*, 101 F.3d 253 (2nd Cir. 1996)

**c. Burke & Manna Were Required to Disclose Their Connections to the Debtors Prior To Being Employed.**

Under Fed. R. Bankr. P. 2014(a), professionals who provide services to a bankruptcy estate must adequately disclose their "connections" with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee. The mandatory disclosure requirements of Fed. R. Bankr. P. 2014 serve to ensure that all professionals appointed pursuant to the Bankruptcy Code tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities and allow the court and parties in interest to determine whether the connection disqualifies the professional from the employment sought, or whether further inquiry should be made prior to deciding whether to approve employment. *In re C and C Demo, Inc.,* 273 B.R. 102 (Bankr. E.D. Tex 2001). In order for bankruptcy court to properly exercise its supervisory

role over debtors and their professionals, as well as to permit other parties in interest to evaluate the debtors and their professionals, professionals must disclose the relationships that they have with creditors, professionals, and other parties in interest. *In re eToys, Inc.*, 331 B.R. 16 (Bankr. .D.Del. 2005).

"The disclosure rules are applied literally, even if the results are sometimes harsh." *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). Ignorance of the disclosure requirement is no defense, as "[e]ven a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees." *Id*. at 882. Intentional failures to disclose are even more perilous: "If any evidence exists to support an inference of intent, then the court should not fall prey to the professional's story of confusion, miscommunication, and negligence." *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 836, 839 (7th Cir. 1998).

The Bankruptcy Code provision on employment of professional persons is prophylactic provision designed to ensure that undivided loyalty and exclusive allegiance required of fiduciary to estate is not compromised or eroded. *In re Prudent Holding Corp.,* 153 B.R. 629 (Bankr. E.D.N.Y. 1993). An Application by bankruptcy professional for employment is not complete until requisite disclosure has been made. *In re Sandpoint Cattle Company, LLC,* 556 B.R. 40 (Bankr. D.Neb. 2016).

It is incumbent on professionals seeking employment in a bankruptcy case to make full disclosure, after which it is role of court, and not professional, to make the ultimate determination that the information disclosed regarding the professional complies with the Bankruptcy Code and Rules. 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014(a). *In re GSC Group, Inc*., 502 B.R. 673 (Bankr. S.D. N.Y. 2013); *In re Tomczak*, 283 B.R. 730 (Bankr. E.D. Wis.

2002); *In re Kings River Resorts, Inc.,* 32 B.R. 76 (Bankr. E.D. Cal. 2006). Bankruptcy courts retain continuing supervisory power, even after professional's employment has been approved, to revisit areas of potential conflict and to disqualify professional if conflict problems arise, or if professional's representation otherwise fails to conform to "disinterestedness" standard. 11 U.S.C. §§ 327(a), 328(c).

In this case, the Debtors failed to seek authorization to employ an agent to sell the Pitney Street Property and failed to disclose any connections of Burke & Manna to the Debtors. As set forth below, Burke & Manna's failure to disclose their connections to the Debtors requires the forfeiture of their commission.

**d. Burke & Manna's Failure to Disclose Their Connections to the Debtor Requires the Return of All Commissions.**

An order authorizing the employment of a professional person under Section 327(a) may be reviewed by the bankruptcy court at any time. Bankruptcy Code Section 328(c) expressly permits the bankruptcy court to revisit the employment of a professional under Section 327(a), and to deny compensation for services and reimbursement of expenses, if at any time during the employment "such professional person is not a disinterested person or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed."

Failure to make full and complete disclosure may result in disqualification of a professional person. If the lack of disclosure is discovered after employment is approved, it may also result in denial and disgorgement of compensation. *In re Mercury*, 280 B.R. 35 (Bankr. S.D. N.Y. 2002), subsequently aff'd, 122 Fed. Appx. 528 (2d Cir. 2004); *In re Thompson*, 54 B.R. 311 (Bankr. N.D. Ohio 1985), judgment aff'd, 77 B.R. 113 (N.D. Ohio 1987); *In re Grabill Corp.*,

113 B.R. 966 (Bankr. N.D. Ill. 1990), decision aff'd, 135 B.R. 835 (N.D. Ill. 1991), aff'd. (7th Cir. 1993); *In re Lee*, 94 B.R. 172 (Bankr. C.D. Cal. 1988); *In re Hathaway Ranch Partnership,* 116 B.R. 208, 220 (Bankr.C.D.Cal.1990); *see also, Kings River, supra.* As neither Burke & Manna, nor Gregory Sariotis, was ever employed by the estate, and both failed to make any disclosure regarding their connections to the Debtor, neither is entitled to receive compensation from estate funds.

In *Kings River*, *supra,* a real estate firm failed to disclose their connections to the debtor including its prior business dealings and a potential claim against the debtor in their retention application. After the sale failed to be consummated, the real estate firm filed a request for payment as an administrative expense after the case converted from chapter 7 to chapter 11. The Debtor objected to the request, and the individual agent countered that he, personally, had no connections to the debtor. However, the court found that position disingenuous. The court denied the employment application and denied the fee request under both a quantum meruit theory and as an administrative expense. *Id.* The same outcome should occur in this case. Burke & Manna should be required to return any commission they received after failing to be employed and failing to make accurate and complete disclosure.

**B. Further Investigation is Necessary to Determine Why No Application to Retain a Broker for the Pitney Street Property was Filed, Why Inadequate Disclosures Were Made and Whether Sanctions or Civil Penalties are Warranted.**

As Burke & Manna were never employed by the estate to sell the Pitney Street Property, and failed to disclose their connections to the Debtors, this Court should convert this case to one under chapter 7 to allow a trustee (or the U.S. Trustee) to seek return of the compensation they received and make a distribution to creditors in the event the trustee (or the U.S. Trustee) is successful in recovering funds for the benefit of the estate. The case should also be converted to

one under chapter 7 to allow the trustee to review any connections between the Debtors and the purchasers of their assets sold in this case to determine if any connections were undisclosed, especially given the unusual terms of the sales. Furthermore, additional return of fees, sanctions and/or civil penalties may be appropriate under the circumstances against Burke & Manna, the Debtors or Debtors' counsel depending on what facts are discovered after making necessary inquiries.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court deny the Debtor's Motion to Dismiss and convert the case to one under chapter 7 and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGION 3 AND 9

By: */s/ Maggie McGee*
Maggie McGee
Trial Attorney

Dated: January 12, 2023