**BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.**
**ATTORNEYS AT LAW**

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
GEOFFREY P. NEUMANN
---------------------
CARL BROEGE
*of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY 08736
PHONE: (732) 223-8484
FAX (732) 223-2416
EMAIL: TIMOTHY.NEUMANN25@GMAIL.COM
GEOFF.NEUMANN@GMAIL.COM

January 16, 2023

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

Re: George Sariotis and Cindy Sariotis
Case No. 22-12916/MBK
Motion to Dismiss
**Return Date: January 19, 2023 @ 10:00 a.m.**

Dear Judge Kaplan:

Please accept this letter brief in lieu of a more formal reply to opposition of the Office of the United States Trustee (hereinafter "UST"), to the Motion to Dismiss filed by the Debtors, George Sariotis and Cindy Sariotis [Dkt. No. 67] (the "Motion").

It should be stated at the outset that at the time of filing the application to retain Burke & Manna Real Estate ("Burke & Manna") as realtor on April 14, 2022 [Dkt. No. 14], the identity and occupation of Gregory Sariotis was not known. The application names Michael Manna as realtor. Only upon reviewing the contract for the sale of 61 Redwood Drive, Ocean Township, NJ ("61 Redwood") was it learned that Gregory Sariotis was in fact a realtor employed by the firm of Burke & Manna. That sale contract, as annexed to the 61 Redwood sale motion filed on April 15, 2022 [Dkt. No. 16], clearly names Gregory Sariotis of Burke & Manna as realtor on

behalf of the Debtors and further states that his firm would receive a 2% commission. See *Exhibit A* to Certification of Geoffrey P. Neumann, Esq. in Response to Opposition of UST to the Debtors' Motion to Dismiss ("CGN"). The Notice of Proposed Private Sale [Dkt. No. 20] further discloses that Burke & Manna would be the firm receiving said commission. *Exhibit B* to CGN. The Order Authorizing the sale of 61 Redwood further provides Burke & Manna as the realty firm representing the Debtors and that it stood to receive 2% commission. *Exhibit C* to CGN.

In addition, at page 2 of Debtors' letter brief in opposition to the motion for stay relief filed by creditor McCormick 110, LLC [Dkt. No. 15], the status of Gregory Sariotis and his relationship to the Debtors is clearly stated as follows:

> The **decedent's grandson (and Debtors' son) is also named Gregory Sariotis, he does not reside on the premises, and his entitlement to 2% commission is less than the amounts typically paid to residential listing agents**. In addition, if the Bank [McCormick] disagreed with that figure **and the status of Gregory Sariotis's status as insider** then it should have opposed the application for retention of the realtor which was granted by the Court on May 3, 2022.

The above was filed on May 5, 2022 in connection with Debtors' motion to sell 61 Redwood [Dkt. No. 28]. *Exhibit D to CGN*. No issues were raised by the UST.

With respect to the motion to sell 1801 Pitney Street, Ocean Township, NJ ("1801 Pitney") the UST's email to Debtors' counsel inquiring as to the sale price and contract terms clearly indicates a review of the sale motion and the sale contract. That email was sent on November 16, 2022 and the motion was granted on December 1, 2022. Annexed to that motion was the sale contact wherein Gregory Sariotis of Burke & Mana Real Estate Agency is disclosed as the dual listing agent standing to receive a 3% commission. *See Exhibit E to CGN*. The Notice

of Proposed Private Sale [Dkt. No. 56] further discloses that Burke & Manna would be the firm receiving said commission. *Exhibit F* to CGN.

The identity and role of Gregory Sariotis as realtor for the Debtors was initially disclosed on the record on April 15, 2022, yet it was not until the UST's email dated January 4, 2023 that concerns over the status of Gregory Sariotis were raised. Now that the Debtors have successfully prosecuted their bankruptcy case, the UST seeks to undo virtually all progress where mortgages have been cancelled, distributions from title have been made, deeds have been delivered, etc. in order to disgorge funds from the proceeds of these two sales, notably from which, no additional creditors will be paid. It should also be noted that had these concerns over the status of Gregory Sariotis been addressed at any point during this case (as they were by McCormick back in May, 2022), those concerns would have been addressed swiftly and comprehensively.

The policy underlying 11 U.S.C. § 327(a) is fully understood and appreciated. That policy is, however, not offended in any way by the role of Gregory Sariotis as realtor in this case. The UST is exalting form over substance. The only real party in interest is the second mortgagee who is accepting less than payment in full. It and no one else is funding the commission. No creditors or parties in interest were prejudiced in any way by the relationship between Gregory Sariotis and the Debtors. Not only did Gregory Sariotis accept less than the typical realtor commission for both sales, the only affected party is junior mortgagee, OceanFirst Bank, N.A. ("**OceanFirst**") who joined in both the 61 Redwood and the 1801 Pitney motions [Dkt. Nos. 46 and 64 respectively]. *Exhibits G* and *H* to CGN. OceanFirst further agreed to a short sale and by doing effectively funded the commission to Burke & Manna. As such, there is no practical objective to be served by converting this case to a Chapter 7 as the only creditor to be paid from

any disgorged commission to Burke & Manna would be OceanFirst who has already sanctioned both sales.

As such, it is respectfully requested that the Court overrule the objection of the UST and grant the Debtors' Motion to Dismiss.

Respectfully Submitted,

Dated: January 16, 2023

By: */s/ Geoffrey P. Neumann*
GEOFFREY P. NEUMANN

cc: Kyle Eingorn, Esq., counsel for McCormick 110, LLC (via ECF and email)
Matt Dolan, Esq. counsel for OceanFirst Bank, N.A. (via ECF and email)
George Sariotis and Cindy Sariotis (via email)