UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Maggie H. McGee, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 22-12916 |
| | Chapter 7 |
| George Sariotis and Cindy Sariotis, | |
| | Honorable Kathryn C. Ferguson |
| | Date: June 6, 2023, at 2:15 p.m. |
| Debtors. | |

**UNITED STATES TRUSTEE'S REPLY TO OPPOSITION BY COUNSEL TO THE DEBTOR TO MOTION SEEKING RETURN OF COMMISSION PAID TO BURKE & MANNA AS REAL ESTATE BROKERS FOR THE DEBTORS**

Andrew R. Vara, the United States Trustee for regions 3 and 9 ("U.S. Trustee"), by and through counsel, and in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby files this *Reply to the Opposition by Counsel to the Debtors to the U.S. Trustee's Motion Seeking Return of Commission Paid to Burke & Manna as Real Estate Brokers for the Debtors.*

**DISCUSSION**

**A. Counsel for the Debtor Fails to Explain why it is Advocating on Behalf of Burke & Manna, a Real Estate Broker Employed by the Debtors.**

Broege, Neumann, Fischer & Shaver, L.L.C. ("BNFS") represented George and Cindy Sariotis in connection with their chapter 11 proceedings, and now appear to continue as counsel in their chapter 7 case. However, in its letter brief opposing the U.S. Trustee's Motion for

Return Commission Paid to Burke & Manna As Real Estate Brokers For The Debtor ("Opposition"), BNFS advocates on behalf of Burke & Manna, the real estate brokers who failed to obtain an order authorizing them to sell the Debtors' property and failed to disclose that the broker selling the Debtors' properties is the son of Mr. Sariotis.

In its Opposition, BNFS does not explain whether or why the firm is advocating on behalf of Burke & Manna. If indeed BFNS is representing itself, or the Debtors and Burke & Manna simultaneously, BNFS has a conflict of interest. The Debtors, as fiduciaries to the estate, should be advocating for the greatest return to creditors, not defending unlawful conduct by its professionals. Burke & Manna's interest, on the other hand, is to preserve the commission they received in the chapter 11 case, resulting in opposing positions. Accordingly, BNFS' Opposition should be stricken at least until they explain or justify the representation of Burke & Manna in these proceedings.

If BNFS is representing itself in this matter because Burke & Manna attributes accountability for the lack of disclosure surrounding the retention process, then those facts should be disclosed. If BNFS is counsel to the Debtors, the Debtors have no standing to object as they are not entitled to the commission proceeds because the funds belong to the estate and any surplus is unlikely due to the amount of unsecured debt in the case. Chapter 7 debtors must have a "pecuniary" interest in the order to be entered by the bankruptcy court to have standing to object to it. *In re Cult Awareness Network, Inc.,* 151 F.3d 605, 607 (7th Cir. 1998); *In re Ray,* 597 F.3d 871, 874 (7th Cir. 2010); *In re Adams,* 424 B.R. 434, 435 (Bankr.N.D.Ill. 2010). Sufficient "pecuniary interest" to grant standing to object to a bankruptcy order is met if (1) in the case of estate administration matters, the bankruptcy estate is solvent, with a surplus to be paid to the debtor; or (2) in the case of claims allowance, the objectionable claim is for a

nondischargeable debt. *Cult Awareness Network,* 151 F.3d at 608. Again, further disclosure by BNFS is necessary to determine whom they represent and whether a conflict exists.

**B. Counsel Ineptly Argues Adequate Disclosure Was Made Regarding the Connections Between the Debtor and Burke & Manna And the U.S. Trustee Should be Barred from Raising these Issues Now.**

The Bankruptcy Code section which requires a professional to disclose their connections to a debtor is 11 U.S.C. § 327. This section and related Federal Rules of Bankruptcy Procedure establish a process for making those disclosures. *See* Fed. R. Bankr. Proc. 2014. BNFS would have the Court believe that any disclosure made anywhere at any time during a bankruptcy case satisfies the requirements of section 327 and Rule 2014. This argument, cited without authority, upends the bankruptcy professional employment process, and undermines the disclosure provisions of the Bankruptcy Code and Rules.

In support, BNFS recites certain facts of the case to mitigate Burke & Manna's failures to abide by the employment requirements of the Bankruptcy Code. In an astonishing admission, BNFS reveals that it knew since April 2022 that George Sariotis' son, Gregory, was the agent selling the Debtors' properties, but elected not to file an amended employment application to disclose this fact. It is well settled that the duty remains with the professional who is employed to make the requisite disclosures and to obtain authorization be employed by a debtor. *F/S Airlease II, Inc. v.* Simon, 844 F.2d 99, 107 (3rd Cir. 1988). Whether Burke & Manna relied on BNFS to obtain the requisite authorization and make the appropriate disclosures and whether it has rights against BNFS are not the issues here. Burke & Manna had the obligation to make the appropriate disclosures to support its retention in the case.

BNFS also repeatedly argues that the U.S. Trustee failed to raise alarms regarding the connection between the Debtors and Burke & Manna after disclosures were made in connection

with relief from stay motions and in the sales contracts submitted with the motions to sell properties. BNFS asserts that the U.S. Trustee is somehow estopped from enforcing the law because BNFS and Burke & Manna made inept, incomplete, and inadequate disclosures. And further argues that somehow the Debtors relied on the U.S. Trustee's "lack of alarm" to excuse their continued failures to amend the employment application. BNFS states:

> "Because the identity and role of Gregory Sariotis was disclosed and fairly litigated without issue raised by the UST or any other party, the Debtor reasonably believed there would be no issue at any point during the remainder of the case. The late stage at which the UST has broached the issue (January 4, 2023) creates an appearance of impropriety when the debtors were as all times since April 15, 2022 holding Gregory Sariotis out as realtor for Burke & Manna."

Brief at 3.

The idea that the U.S. Trustee created "an appearance of impropriety" by the timing of raising the disclosure issue is unfounded. According to BNFS, the U.S. Trustee is at fault for Burke & Manna's failure to make accurate and complete disclosure. Under this line of "catch me if you can" reasoning, any party involved in the bankruptcy process may act in any way they desire unless and until they are identified by the U.S. Trustee. Only after being found to have violated the Bankruptcy Code, do parties need to comply and, even then, consequences do not exist. Such an argument is specious.

The Supreme Court has repeatedly held that equitable estoppel may not be used against the federal government the same way it can be used against other litigants. *See, e.g. Heckler v. Cmty. Health Servs. Of Crawford Col, Inc.,* 467 U.S. 51, 60 (1984). As of 1990, the Supreme Court noted that it had reversed every Circuit Court government estoppel ruling with which it had been presented. *See Off of Pers. Mgmt. v.* Richmond, 496 U.S. 414, 433 (1990). Here,

whomever BNFS is representing, the firm bears the burden of proving the equitable estoppel defense. *See United States v. Asmar,* 827 F.2d 907, 912 (3rd Cir. 1987). A party seeking to estop the government must prove "affirmative misconduct," as well as the traditional elements of misrepresentation, reasonable reliance, and detriment. *See e.g, Heckler v. Cmty. Health Servs. Of Crawford Col, Inc.,* 467 U.S. at 59; *Fredericks v. Comm'r,* 126 F.3d 433, 438 (3rd Cir. 1997); *United States v. Asmar,* 827 F.2d at 912. As BNFS has proved none of these elements, this Court should reject BNFS apparent equitable estoppel defense.

BNFS also argues that the U.S. Trustee is promoting form over substance. This "no harm, no foul" posture is not a legal argument and should be considered by the Court. In this case, an entity prohibited under the Code from serving as a professional for the Debtor was allowed to do so. The fact that the legitimacy of the real estate sales is put into question is sufficient harm to the integrity of the bankruptcy system to justify the prosecution of the underlying Motion Seeking Return of Commission Paid to Burke & Manna.

These Code sections are not advisory – parties are required to abide by them. The disclosure requirements in section 327 are self-policing, meaning the Court, the trustees and the U.S. Trustee rely on debtors and professionals to make the requisite disclosures to ensure truth and transparency in the bankruptcy process.

**C. BNFS Incorrectly Argues That Any Commissions Returned To the Estate Would Go To the Secured Creditor, and Therefore the U.S. Trustee's Motion Should Be Denied.**

Here, BNFS argues that because Ocean First Bank, the Debtors' secured creditor, is still owed money, any recovery of the commissions paid to Burke & Manna would be applied to the secured lien. According to the docket, the Debtors' real estate has been sold and Ocean First's liens on those properties would have been extinguished in the transaction. A security interest

does not reappear once property is sold, and the chapter 7 trustee is not obligated to distribute funds to secured creditors who no longer have liens on assets are not property of an estate. Again, BNFS cites no authority for the proposition that Ocean First has a lien on any recovery or any right to the returned commissions. In fact, any recovery on avoidance claims is after-acquired property belonging to the estate. *In re Connolly Geaney Ablitt & Willard, P.C.,* 585 B.R. 644 (Bankr. D. Mass. 2018). "Avoidance actions, including those arising under state law, can only be brought by the trustee after the petition is filed under the trustee's section ... [544(b)] ... rights. These claims, therefore, arise post-petition and must be considered after-acquired property belonging to the estate. Further, because the Debtor does not own the right to pursue a fraudulent transfer action in bankruptcy (since that action belongs to the trustee post-petition under section ... [544(b)] ... *the Debtor could not have encumbered or assigned that right prepetition." Id.* at 654 (citations and internal quotations omitted and emphasis in original); *See also, In re G-I Holdings, Inc.* 313 B.R. 612, 632sta (Bankr. D.N.J. 2004).

The same can be said for recoveries of professional compensation paid post-petition. *See* 11 U.S.C. § 549. The U.S. Trustee's pending Motion is premised upon violations of the Bankruptcy Code. Thus, like fraudulent transfer actions, state court avoidance actions, and actions to recover post-petition transactions under section 549, the action here arose post-petition and any recovery resulting from the Motion belongs to the estate, not the secured creditor.

BNFS further argues that because the sales were short sales and ratified by Ocean First, the commission must be paid to the bank. However, BNFS again cites no authority for this proposition.

In a final argument, BNFS states that since the U.S. Trustee represented to the Court at the hearing in January that unsecured creditors would only receive a distribution if a motion for

sanctions or civil penalty was made, and the U.S. Trustee has not sought sanctions or a civil penalty, no return of the commission should be required. This argument mischaracterizes the U.S. Trustee's statements. The U.S. Trustee's comments regarding the distribution of any recovery of the commissions was in response to BNFS's argument that any funds recovered would go to Ocean First Bank, to which the U.S. Trustee responded that if the properties were determined to be sold in good faith and for fair value, then the liens on the properties would be extinguished. The U.S. Trustee was merely leaving open the possibility that the chapter 7 trustee might recover the properties if he found any improprieties in the way the sales were conducted due to the connection between the Debtors and the broker. The U.S. Trustee continued to say that if the properties were not recovered, and the commission returned as either a civil penalty or sanction "or anything like that," those recoveries would not be subject to a secured creditors lien. Despite the representations made by BNFS, it is of no consequence that the U.S. Trustee chose not to move for a civil penalty or sanction.

As the recovery of any commission will be paid to the chapter 7 trustee for the benefit of the estate and not to any secured creditor, BNFS' closing argument that the U.S. Trustee is administering estate assets on behalf of the secured creditors is baseless and should be ignored. The U.S. Trustee does not stand in the shoes of the chapter 7 trustee or act on behalf of the chapter 7 trustee. The U.S. Trustee enforces the bankruptcy code. Section 307 specifically states that "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title." Hence, the U.S. Trustee is acting within his authority and not at the behest, on behalf of, or in conjunction with, the chapter 7 trustee.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court grant the U.S. Trustee Motion and require Burke & Manna to return the commission they received and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGION 3 AND 9

By: */s/ Maggie McGee*
Maggie McGee
Trial Attorney

Dated: June 2, 2023