# Meyner and Landis LLP

Attorneys At Law
One Gateway Center
Suite 2500
Newark, New Jersey 07102
www.meyner.com

reply to:
Matthew P. Dolan
Direct Dial: 973-602-3478
MDolan@meyner.com

New York:
100 Park Avenue
16th Floor
New York, New York 10016
(516) 683-0171


June 6, 2023

**VIA CM/ECF**
Honorable Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court, Courtroom 2
402 East State Street
Trenton, NJ 08608

**Re: In re: George Sariotis and Cindy Sariotis**
**Case No. 22-12916; Adv. Pro.: 22-1109**

Dear Judge Ferguson:

This firm represents OceanFirst Bank, N.A. as successor by merger to TwoRiver Community Bank ("**OceanFirst**"). Currently pending before Your Honor and returnable today, June 6, 2023, is the United States Trustee's Motion seeking the return of commissions paid to Burke & Manna Real Estate (the "**Disgorgement Motion**"). We are writing Your Honor to address relief sought by the Chapter 7 Trustee and United States Trustee for the first time in certain papers filed in reply to opposition to the Disgorgement Motion on Thursday and Friday of last week.

## I. Background

By way of background, OceanFirst is a secured creditor and was the holder of multiple cross-collateralized mortgages on certain property formerly owned by Debtors George Sariotis and Cindy Sariotis (the "**Debtors**") located at 1801 Pitney St, Ocean, NJ 07755 (the "**Pitney Property**") and a second Mortgage on certain property formerly owned by Debtors and located at 61 Redwood Drive, Ocean Township, NJ 07712 (the "**Redwood Property**") (the Pitney Property and the Redwood Property are hereinafter collectively referred to as the "**Properties**"). During the course of the Chapter 11 proceedings prior to conversion to Chapter 7, the Debtors marketed the Properties for sale and both OceanFirst and Debtors narrowly avoided Sheriff sales scheduled for the Properties by the first Mortgage holder on the Redwood Property and second Mortgage holder on the Pitney Property, McCormick 110, LLC. If the Properties were sold via Sheriff Sale the total return on the sales would have been significantly depressed.

On July 8, 2022, the Honorable Michael B. Kaplan, U.S.B.J., entered an Order for the sale of the Redwood Property which provided in pertinent part that the proceeds from the sale of the Redwood Property must be used to satisfy "liens for real estate taxes and other municipal liens and mortgage liens." See CM/ECF 48 – Order for Sale of Redwood Property. On December 1, 2022, the Honorable Michael B. Kaplan, U.S.B.J. entered an Order for the sale of the Pitney Property which provided, in pertinent part, that:

> The proceeds of sale must be used to satisfy the liens for real estate taxes and other municipal liens and the mortgage liens. Until such satisfaction the Property is not free and clear of those liens. In the event that the proceeds of sale are not sufficient to satisfy the liens for real estate taxes and other municipal liens and mortgage liens in full, OceanFirst, N.A. ("OceanFirst") may consent in writing to a partial short sale and release of its mortgage liens on the Pitney Property but such consent by OceanFirst shall not constitute a waiver of any and all other rights OceanFirst may have against the Debtors.

[See CM/ECF 65 – December 1, 2022 Order for Sale].

Previously, OceanFirst joined in the §363 sale motions as the sale of the Properties via arms-length sale transactions preserved equity and avoided waste that would be incurred in the event the Properties were sold via McCormick 110, LLC's scheduled Sheriff Sales. However, at no time did OceanFirst agree to waive any of the amounts due by Debtors. OceanFirst expressly stated in short sale letters delivered to the Debtors that OceanFirst had reserved all rights and all claims against the Debtors for any deficiency balances due. As a result, had the Properties been sold without a requirement to pay broker fees as the United States Trustee is essentially seeking herein, then the additional realized amounts due back to Debtors on the sales would have been payable and paid to OceanFirst.

## II. The Chapter 7 Trustee's Newly Requested Relief

As it relates to the present Disgorgement Motion before the Court, the United States Trustee's initial Motion and Order for relief simply sought for the Burke & Manna commissions to be "returned." See CM/ECF 97-3 – Proposed Order. However, on Thursday of last week, the Chapter 7 Trustee requested for the first time that the Burke & Manna commissions are not only returned but that they are paid to the Chapter 7 Trustee. See CM/ECF 101. In support, the Chapter 7 Trustee cited to an unreported and distinguishable case from the United States Bankruptcy Court of the Eastern District of Virginia.

The Court should deny the Chapter 7 Trustee's request made just last week because it was not part of the initial Disgorgement Motion and not before this Court. The Court should also deny the request because OceanFirst's secured lien rights should follow and attach to the proceeds of sale in the event those proceeds are returned to Debtors (or in this case the Debtors' Estate). At the very least, in the event that the Court is inclined to grant the Disgorgement Motion, then the Court

should require the Chapter 7 Trustee or the United States Trustee to file a formal Motion with citations to the Bankruptcy Code or relevant law explaining why OceanFirst's mortgage liens do not follow and remain attached to all of the net proceeds of the sale of the Properties.

We thank Your Honor for her consideration of this matter.

Respectfully,

**MEYNER AND LANDIS LLP**

*/s/ Matthew P. Dolan*
Matthew P. Dolan

cc: All parties appearing via CM/ECF