SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

June 30, 2023

Honorable Kathryn C. Ferguson, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 2

Re: George Sariotis and Cindy Sariotis
Case No. 22-12916/MBK
Motion of the US Trustee Seeking Return of Commissions Paid to
Burke & Manna as Real Estate Brokers for the Debtors

Dear Judge Ferguson,

Please accept this letter brief in lieu of a more formal reply to the opposition of the Office of the United States Trustee (hereinafter "UST"), to the UST Seeking Return of Commissions Paid to Burke & Manna as Real Estate Brokers for the Debtors [Dkt. No. 97] (the "Motion"). This bankruptcy matter is in regard to the sale of Debtors' properties located at 1801 Pitney Street, Ocean Township, NJ ("1801 Pitney") and 61 Redwood Drive, Ocean Township, NJ ("61 Redwood") (collectively, the "Properties"). Although UST filed the instant motion, OceanFirst Bank, N.A. ("OceanFirst") is the only creditor funding the commissions to Burke and Manna Real Estate ("Burke & Manna") and both OceanFirst and Burke & Manna are the only two parties herein that can be affected by UST's motion. More specifically, the UST filed its motion in opposition to Burke & Manna retaining their 2% and 3% commissions for the sale of the Properties.

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

**OPPOSITION ARGUMENT TO UNITED STATES TRUSTEE SEEKING RETURN OF COMMISSIONS FROM BURKE AND MANNA**

Prior to the Debtors selling either of their Properties, Burke & Manna should have filed a Broker Retention Application ("BRA") disclosing Burke & Manna's involvement in the sale of Properties. This would include Burke & Manna's sale commissions as well as state the handling broker on the transaction. The generic purpose of the BRA is to put the court on notice, obtain and order for employment, and to ensure that there were no conflicts. It is not in dispute here that Burke and Manna filed their BRA with the court for the sale of 61 Redwood, and it is not in dispute as to the commission percentage or who was listed as Burke & Manna's broker. It is also not in dispute as to Burke & Manna's position in regard to filing a BRA for 1801 Pitney.

With that said, the real issue involved in the UST's motion is who should receive the commissions issued to Burke & Manna as a result of them acting as the real estate brokers for the Debtors' Properties.

For the sale of 61 Redwood, Michael Manna of Burke & Manna was in fact named to market the property. It was further indicated that Burke & Manna would be compensated 2% in sales commission in exchange for completing the sale of 61 Redwood. At this time, there were no issues with Burke & Manna being compensated their 2%, but the UST does have an issue with Burke & Manna due to the fact that Gregory Sariotis, the Debtors son, was never disclosed on the BRA. UST's motions states that this failure to disclose Gregory Sariotis *may* "result in a denial

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

and disgorgement of compensation." With that said, OceanFirst did not have an issue with Burke & Manna or Gregory Sariotis acting as the selling broker for 61 Redwood and here is why.

According to numerous articles, the standard real estate brokers' commission in New Jersey is 5% to 6% but can technically be negotiated between the parties. The buyer and seller agents typically split the agreed upon commission resulting in a successful sale of real estate transaction. (Lindsay Stefan, HomeBay, *What is the Average Realtor Commission? (2022 Data),* page 1, February 20, 2023); *see also,* Dan Moskowitz, Investopedia, *How Real Estate Agent and Broker Fees Work,* page 1, April 30, 2023). As for the sale of 61 Redwood, only 2% commissions were paid out, thus, OceanFirst was able to recovered more of a return on their secured mortgage. Nearly 3% to 4% in commissions were saved by OceanFirst retaining Burke & Manna. At the end of the day, even though the identity of Gregory Sariotis was not revealed on the BRA, OceanFirst, befitted financially by employing Burke & Manna for this transaction. Therefore, my granting UST's motion to claw back Burke & Manna's employment commissions, would result in a denial and disgorgement of compensation to both Burke & Manna and OceanFirst.

**PARTIES AT INTEREST**

Burke & Manna and OceanFirst are the only real partis with an interest in this matter. Burke & Manna stands to lose their commissions on work they completed and OceanFirst as the only secured mortgage for the Properties did not oppose the short sales of the Properties.

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

On June 21, 2022, OceanFirst filed an amended proof of claim before the sale of either property, in the amount of $830,031.36 (the "POC"). After the sale of both 61 Redwood and 1801 Pitney, OceanFirst obtained a return in the amount of $166,983.05 and $307,278.51, totaling $474,261.56. As a result of both properties being sold via short sale, OceanFirst incurred a loss of approximately $355,769.80, but still did not have a problem with distributing Burke & Manna their sales commission fees as they knew and understood that a reduced 2% commission would ultimately yield the largest return of their loan. As mentioned earlier, no additional creditors stood to see a return on the sale of the Properties, so for the UST to demand a claw back from Burke & Manna would result in no benefit to any interested party.

Moreover, when dealing with a sheriffs' sales, time is of the essence. Due to Burke & Manna's employment for the sale of the Properties was truly the catalyst in the successful sale of the Properties. Without Burke & Manna's employment, OceanFirst could have been reimbursed a significantly lower return on their loan.

The total amount paid to Burke & Manna was $36,500, but again this was a reduced commission percentage, which ultimately saved OceanFirst from paying double this amount in commissions. Hence, it is unclear as to the objective of returning the commission earned by Burke & Manna.

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

Lastly, on January 19, 2023, Debtors' Motion to Dismiss ("MTD") was held before the Honorable Judge Michael B. Kaplan and counsel for OceanFirst appeared at the hearing and stated on the record: "my client consented to that sale, consented to the sale price, consented to the commissions and consented to allow the property to be sold and our mortgages to be discharged via short sale payment that was made consistent with the net proceeds from the sale." Gregory Sariotis was listed on the contract of sale as the broker, and it was agreed upon by OceanFirst to pay Burke & Manna a sales commission in the amount of 2% for 61 Redwood and the 3% for 1801 Pitney.

Even though the UST still seeks a restoration of the realtor commissions, it is inappropriate for the UST to fight for OceanFirst, when OceanFrist's legal knowingly chose to not join in on UST's motion. Thus, based on OceanFirst's position on this motion, based on the parties at interest, and based on Burke & Manna's earned commissions, we feel that Burke & Mann should retain their commissions as they were originally agreed upon.

**DUTIES OF TRUSTEE**

When filing a Chapter 7 bankruptcy, a trustee's duty is to administer estate property to maximize distribution to unsecured creditors. *In re Selander*, No. 16-43505, 2017 Bankr. 806, 805 (Bankr. W.D. Wash. Mar. 24, 2017); *See also, In re All Island Truck Leasing Corp*., 546 B.R. 522, 532 (Bankr. E.D. N.Y. 2016). In this case, the UST is overstepping their duties as trustee by

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

pursuing funds that would be distributed to OceanFirst who is a secured creditor and the only creditor who has a financial interest in this dispute.

Regardless of UST's arguments to claw back Burke & Manna's commissions, OceanFirst is a secured creditor, and the only creditor to be reimbursed if UST's motion is granted. A secured creditor can protect its own interests in the collateral subject to the security interest, but a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors. *In re Selander.* 2017 Bankr. 806, 805; *See also, In re Stark*, No. 8-20-70948-reg, 2020 Bankr. LEXIS 2520, 17 (Bankr. E.D.N.Y. Sep. 25, 2020). Moreover, "a trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case." *In re Scoggins,* 517 B.R. 206, 222 (Bankr. E.D. Cal. 2014). Pursuant to the aforementioned case law, the UST's motion is causing both a delay in the instant matter and improper due to the fact that OceanFirst as a secured creditor, thus, it is improper for the UST to intervene. If the UST truly had OceanFirst's financial interest in mind, then they would understand that by employing Burke & Manna at 2% and 3% commissions for the sale of the Properties OceanFirst was able to save a significant amount on commission paid out per standards in the real estate market.

Lastly, at this juncture, there has been no additional review of the sales of either property and UST's motion does not seek sanctions or civil penalties – just a return of commission paid to

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

Burke & Manna. As mentioned earlier, the sales of both Properties were short sales authorized by OceanFirst, who is the only creditor with a financial interest. Thus, as a result of aforementioned transactions, OceanFirst understand the financial means of only paying 2% and 3% commissions, which is why OceanFirst did not acknowledge UST's motion. Therefore, OceanFirst's action clearly indicated their support in Burke & Manna retaining its commissions.

## CONCLUSION

As such, it is respectfully requested that the Court deny the motion of the UST and allow realtor Burke & Manna to possess its commissions.

Respectfully Submitted,

Dated: July 3, 2023

By: /s/ Richard Sanvenero
Richard Sanvenero, Jr., Esq.

SANVENERO & CITTADINO
ATTORNEYS AT LAW

228 MAPLE AVENUE
RED BANK, NEW JERSEY, 07701
OFFICE: (732) 743-9665
FAX: (732) 743- 9546
LITIGATION@THESCLAWOFFICE.COM
WWW.THESCLAWOFFICE.COM

RICHARD SANVENERO, JR. ESQ.*
RSANVENERO@THESCLAWOFFICE.COM

JOSHUA P. CITTADINO, ESQ.
JCITTADINO@THESCLAWOFFICE.COM

JOSHUA S. SKLARIN, ESQ.
JSKLARIN@THESCLAWOFFICE.COM

TERENCE NATALE, ESQ.
TNATALE@THESCLAWOFFICE.COM

DAVID FIVELAND, ESQ.
DFIVELAND@THESCLAWOFFICE.COM

cc: Maggie McGee, Esq, counsel for the movant, United States Trustee (via ECF and regular mail) Kyle Eingorn, Esq., counsel for McCormick 110, LLC (via ECF and email) Matt Dolan, Esq., counsel for OceanFirst Bank, N.A. (via ECF and email) George Sariotis and Cindy Sariotis, Debtors (via email)